

**MICHELMAN & ROBINSON, LLP**
ATTORNEYS AT LAW

**NICOLE HAFF**

nhaff@mrllp.com

**New York Office**
605 Third Ave, 30th Floor
New York, NY 10158
P 212.730.7700 F 212.730.7725 www.mrllp.com

August 16, 2023

**VIA ECF**

**MEMO ENDORSED**

Hon. Andrew L. Carter, Jr., U.S.D.J.
Thurgood Marshall United States Courthouse 40
Foley Square, Room 435
New York, NY 10007

Re:   *Japna, Inc. v. Claudia Ortiz, et al.*
      Case No. 1:22-cv-10753-ALC-RWL (S.D.N.Y)

Dear Judge Carter,

We represent Plaintiff JAPNA, Inc. ("JAPNA") in the above-captioned matter. We submit this letter pursuant to Section 6 of the Court's Electronic Case Filing Rules & Instructions to request that certain confidential information included in the documents listed below be filed under seal.

(1) Plaintiff's Memorandum in Opposition to Defendants Claudia Ortiz, Tulip Apparels LLC, Tulip Creations Private Limited, Luna Skies, LLC, Smarth Gupta and Surender Kumar Gupta's Motion to Dismiss the Amended Complaint ("Opp. Brief") at page 3;

(2) Declaration of Tanu Singh, dated August 16, 2023 ("Singh Decl."), at page 7; and

(3) Exhibits 1, 2, 5 and 6 or portions thereof, of the Signh Decl. be placed under seal.

JAPNA will file redacted or partially redacted versions of the same documents on the docket.

Los Angeles   |   Orange County   |   San Francisco   |   Dallas   |   Houston   |   Chicago   |   New York

Hon. Andrew L. Carter, Jr., U.S.D.J.
Southern District of New York
August 16, 2023
Page 2

While there is a presumptive right of public access to judicial documents, that right is "not absolute." *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)). In evaluating whether to grant a sealing request, the court must evaluate several factors: (1) whether the document qualifies as a judicial document; (2) the weight of the presumption of public access; and (3) whether any countervailing factors or higher values outweigh the right of public access to the judicial document. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006).

The documents filed by Plaintiff redact only the most commercially sensitive information and or trade secret information necessary to protect JAPNA's interests. Conditional sealing of the above-referenced materials is appropriate in this instance. *See, e.g., GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (granting motion to seal proprietary commercial information); *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F.Supp.2d 606 (S.D.N.Y. 1998)("Potential damage from release of trade secrets is a legitimate basis for sealing documents…"). Therefore, the proposed sealed documents are filed with a restricted viewing level.

In anticipation of this filing, we circulated a proposed Protective Order to all counsel that have appeared in this action on Monday, August 14, 2023. To date, we have only received comments back from Thomas Warden, Esq. counsel for Defendant Selfx Innovations Inc.

Respectfully submitted,

/s/ Nicole Haff

Nicole Haff

CC: All Counsel (via ECF)

Plaintiff's motion to seal is hereby GRANTED. The Clerk of the Court is respectfully directed to terminate ECF No. 88.

SO ORDERED:

*[signature]*
HON. ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE

Dated: August 18, 2023
New York, NY