UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

JAPNA, INC.,

                        Plaintiff,

        -against-                   Civil Action No. 1:22-cv-10753-ALC

CLAUDIA ORTIZ, TULIP APPARELS LLC,
TULIP CREATIONS PRIVATE LIMITED,
SELFX INNOVATIONS INC. a.k.a.
FASHINZA, SELFX INDIA PRIVATE
LIMITED, LUNA SKIES, LLC, SMARTH
GUPTA, SURENDER KUMAR GUPTA,
ABHISHEK SHARMA, PAWAN GUPTA,

                        Defendants.

------------------------------------X

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
**DOC #:** _____
**DATE FILED:** 11/20/2023

## STIPULATED PROTECTIVE AGREEMENT AND ORDER

1.    <u>PURPOSES AND LIMITATIONS</u>

       Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to the following Stipulated Protective Agreement and Order ("Stipulated Protective Order"). The parties acknowledge that this agreement is consistent with Fed. R. Civ. P. 26(c). This agreement does not confer blanket protection on all disclosures or responses to discovery. This agreement affords protection from public disclosure and use that extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential material or information under seal.

2.     <u>GOOD CAUSE STATEMENT</u>

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than the prosecution, defense or attempted settlement of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, trade secrets, including methods, techniques, processes, technical plans and technical specifications; confidential business or financial information relating to sales, manufacturing, customers, vendors, personnel, market-share, pricing, revenue, profit, and economic injury; information regarding confidential business practices and strategic plans, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties); information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. The public disclosure of such information would cause material, irreparable harm to the parties because it would provide competitors and potential competitors in the marketplace with information about the parties' plans, operations, technology, and finances.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been

maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

3.    <u>DEFINITIONS</u>

3.1.    <u>Action</u>: *JAPNA, Inc. v. Claudia Ortiz, et al*., Case No. Civil Action No. 1:22-cv-10753-ALC.

3.2.    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

3.3.    "<u>CONFIDENTIAL INFORMATION</u>" shall mean all Documents, Communications, and Testimony, and all information contained therein, and other information designated as confidential, if such Documents or Testimony contain trade secrets, proprietary business information, competitively sensitive information or other information the disclosure of which would, in the good faith judgment of the Party or, as appropriate, non-party designating the material as confidential, be detrimental to the conduct of that Party's or non-party's business or the business of any of that Party's or non-party's customers or clients.

3.4.    <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

3.5.    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

3.6.    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

3.7.    Expert: a person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

3.8.    Retained Consultant:   a person with specialized knowledge or experience in a matter pertinent to the Action who (1) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action, (2) is not a current employee of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

3.9.    "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY": shall mean any "Confidential Information" that is of such a private, sensitive, competitive or proprietary nature that present disclosure to persons other than those identified in paragraph 6.3 below would reasonably be expected to cause irreparable harm or materially impair the legitimate competitive position or interests of the Designating Party. A designation of Confidential Information as Highly Confidential - Attorneys' Eyes Only Information constitutes a representation that such Confidential Information has been reviewed by an attorney for the Designating Party and that there is a valid basis for such a designation.

3.10.    House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

3.11.    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

3.12.    Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action

4

on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

3.13.   <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, in-house counsel, and Outside Counsel of Record (and their support staffs).

3.14.   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

3.15.   <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.16.   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

3.17.   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.18.   <u>Final Disposition</u>: the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

4.   <u>SCOPE</u>

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any

testimony, conversations, or presentations by Parties or their Counsel that reveal Protected Material. However, the protections conferred by this Stipulated Protective Order do not cover the following information: (1) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Stipulated Protective Order, including becoming part of the public record through trial or otherwise; and (2) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

Any document produced before issuance of this Stipulated Protective Order with the designation "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall receive the same treatment as if designated under this Stipulated Protective Order, unless and until such document is redesignated to have a different classification under this Stipulated Protective Order.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

5.   <u>DURATION</u>

Even after final disposition of this Action, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or

applications for extension of time pursuant to applicable law.

Within 60 calendar days after the Final Disposition of this Action, as defined by section 3.18, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Outside Counsel of Record are entitled to retain one archival copy of all documents filed with the Court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.

Even after Final Disposition of this Action, the confidentiality obligations imposed by this Stipulated Protective Order remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

6. ACCESS TO AND USE OF PROTECTED MATERIAL

6.1.  Basic Principles

(a) A Receiving Party may use Protected Material only for prosecuting, defending, or attempting to settle this Action and associated appeals.

7

(b) Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order.

(c) A Receiving Party must comply with the provisions of Section 5 above when the Action has been terminated.

(d) A Receiving Party must store and maintain Protected Material at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

(e) Nothing in this Stipulated Protective Order restricts a Producing Party's use of its own Protected Material.

6.2.     <u>Disclosure of "CONFIDENTIAL" Protected Material</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Protected Material designated as "CONFIDENTIAL" that is not "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving party in the case of an individual Receiving Party;

(b) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(c) up to three House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) provided that such signed "Acknowledgement and Agreement to be Bound" is provided to the Designating Party prior to the disclosure of any "CONFIDENTIAL" Protected Material to the House Counsel described in this paragraph;

(d) Retained Consultants (as defined in this Stipulated Protective Order) of the Receiving Party: (1) to whom disclosure is reasonably necessary for this Action; (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)  the Court and its personnel;

(f) court reporters and videographers, and their staff;

(g) professional jury or trial consultants including mock jurors who have signed the "Non-Disclosure Agreement" (Exhibit B);

(h) Professional Vendors to whom disclosure is reasonably necessary for this Action;

(i)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary;

(j) the author or recipient of a document containing the Protected Material or a custodian or other person who otherwise possessed, knew, or reasonably may have known the Protected Material (*e.g.*, those identified in Section 10 regarding depositions); and

(k) any mediator who is assigned to this matter, and his or her staff, who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

6.3.    <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Protected Material</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Disclosure or Discovery Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) Retained Consultants (as defined in this Stipulated Protective Order) of the Receiving Party: (1) to whom disclosure is reasonably necessary for this Action; (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the Court and its personnel;

(d) court reporters and videographers, and their staff;

(e) professional jury or trial consultants including mock jurors who have signed the "Non-Disclosure Agreement" (Exhibit B);

(f) Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgement and Agreement to be Bound" (Exhibit A);

(g) during their depositions, Rule 30(b)(6) witnesses to whom disclosure is reasonably necessary;

(h) the author or recipient of a document containing the Protected Material or a custodian or other person who otherwise possessed knew, or reasonably may have known the Protected Material (*e.g.*, those identified in Section 10 regarding depositions); and

(i) any mediator who is assigned to this matter, and his or her staff, who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

(j) a Party to this Action, who had already has seen or received the document, based on the face of the document itself. An example of this would be that the document marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" is an email, which based on the face of the document shows that it was already sent or received by the Party.

(k) Defendant Claudia Ortiz, if in the reasonable good faith judgment of her counsel, her viewing of the document is necessary in order for counsel to comprehend the document sufficiently for her to present a defense, as long as she is not provided with any paper, electronic,

10

or any other copy of the document and views it only in person in the presence of her counsel.

    6.4.    <u>Rules for Redactions and Filing Under Seal (taken from Magistrate Judge Robert W. Lehrburger's Rules)</u>

    (a)    <u>Sealing/Redactions Not Requiring Court Approval.</u>  Federal Rule of Civil Procedure 5.2 describes sensitive information that must be redacted from public court filings. No Court approval is required for these redactions.

    (b)    <u>Sealing/Redactions Requiring Court Approval.</u>

    i.    <u>Initial Filing Process.</u> Any party wishing to file any document under seal or in redacted form shall (1) file on ECF a redacted copy of the document, (2) file on ECF a sealed copy of the document, and (3) submit to Chambers an unredacted copy by email.

    ii.    <u>Meet and Confer Requirement.</u> Within 5 business days of the ECF- filing of the redacted document(s), the parties must confer in good faith as to whether any or all of the redacted material may or must be filed without redaction. If the parties reach agreement that all redacted material may or must be unredacted, the parties shall file on ECF unredacted copies of the previously redacted documents and so inform the Court.

    iii.    <u>When Motion Required.</u> A motion is required whenever one or more parties seek to maintain sealed material. If the parties cannot agree to unredact all redacted material, then, within 3 business days of the parties' meet and confer, the party seeking to preserve confidentiality must make a specific request to the Court by letter motion. If more than one party seeks to preserve confidentiality, the parties shall confer and submit a joint letter. Any party opposing the request to file under seal must submit a responding letter within 3 business days after submission of the letter by the party seeking to preserve confidentiality.

    iv.    <u>What Must Be Included In Motion.</u> Any letter motion requesting that material remain under seal must explain the reasons for seeking to file the material under seal and

address the request in light of the Court of Appeals' opinions in *Lugosch v. Pyramid Co. of ndaga*, 435 F.3d 110 (2d Cir. 2006) and *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132 (2d Cir. 2016). Any sealing request shall include the requesting party's proposed redactions.

v. <u>Motion Filing Process</u>. The letter motion to seal (and any response) must be filed on ECF in public view and should not itself include confidential material for which sealing is sought. Any supporting papers or attachments that contain confidential material may be filed under seal or redacted to the extent necessary to safeguard that information. At the time the letter motion is filed it should be designated as related to the documents filed under seal in the initial filing process.

vi. <u>Unredaction</u>. If the Court directs that any previously redacted material be unredacted, the party who submitted the previously redacted document shall, within 3 business days after the Court's unredaction order, file on ECF the documents complying with the Court's order.

vii. <u>Inability to Comply</u>. Any party unable to comply with the requirement for electronic filing under seal through the ECF system, or who has reason to believe that a particular document should not be electronically filed, must move by letter motion for leave of Court to file non-electronically.

7. <u>DESIGNATING PROTECTED MATERIAL</u>

7.1. <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates Disclosure or Discovery Material for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that are shown to have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions at the discretion of the Court.

If it comes to a Designating Party's attention that Disclosure or Discovery Material that it designated for protection does not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

7.2.    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Stipulated Protective Order (see, *e.g.*, Section 7.2(b) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

(a) Information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix the legend "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material. For Protected Material that is produced in native electronic format, the designation must be included in the file name (with the original file name intact in metadata) and on any slipsheets when produced, and any Party when printing such Protected Material must affix the designated legend to each page of the printed copy and on any slipsheet.

(b) Testimony given in deposition or other pretrial proceedings: the Designating Party shall either (1) identify on the record or (2) identify, in writing, within 21 calendar days of the

deposition, that the transcript must be treated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Notwithstanding the previous provision and other provisions of this Stipulated Protective Order, if requested by a Receiving Party at or after a deposition, a Designating Party has 7 calendar days from the request, or until 21 calendar days from the deposition have passed, whichever is sooner, to designate the pages of the deposition transcript which are to be treated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." To the extent a deponent gives testimony regarding Protected Material, unless the Parties agree otherwise, that testimony must be treated in accordance with the level the Protected Material was designated regardless of whether the testimony itself receives express designation at or after the deposition.

Parties shall give the other Parties notice if they reasonably expect a pretrial proceeding (in court) to include Protected Material so that the other Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings if and when such Protected Material is discussed. The use of Protected Material as an exhibit at a deposition or other pretrial proceedings will not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material must have an obvious legend on the title page that the transcript contains Protected Material. If a Party inadvertently fails to make a designation at the deposition or pretrial proceeding, the Parties shall treat any transcript that was not designated on the record pursuant to paragraph 7.2(b) as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that 21-day period or of such earlier time that such transcript is designated, the transcript will be treated only as actually designated.

(c)  for Protected Material produced in some form other than documentary and for any

tangible things: the Producing Party must affix in a prominent place on the exterior of the container or containers in which the Protected Material is produced or disclosed the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

7.3.     <u>Inadvertent Failures to Designate:</u> If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

An inadvertent failure to designate qualified Disclosure or Discovery Material does not waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. Upon correction of a designation, the Receiving Party must make all reasonable efforts to ensure that the material is treated in accordance with the provisions of this Stipulated Protective Order, which may require a Party to withdraw access to Protected Material that was given to a person who is not authorized to have access under the new designation.

In the event that a Producing Party inadvertently fails to designate Protected Material, the Producing Party shall give written notice of such inadvertent production (the "Inadvertent Production Notice") and shall reproduce copies of the Protected Material that are labeled with the appropriate confidentiality designation. Upon receipt of an Inadvertent Production Notice and properly labeled Protected Material, the Receiving Party shall promptly destroy the inadvertently produced Protected Material and all copies thereof or return such together with all copies of such Protected Material to counsel for the Producing Party. Should the Receiving Party choose to destroy such inadvertently produced Protected Material, the Receiving Party shall notify the

Producing Party in writing of such destruction within 14 calendar days of receipt of written notice of the Inadvertent Production Notice and properly labeled Protected Material. This provision is not intended to apply to any inadvertent production of any document, material, or testimony protected by attorney-client or work product privileges.

8. CHALLENGING CONFIDENTIALITY DESIGNATIONS

    8.1.   Timing of Challenges: Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the Action, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    8.2.   Meet and Confer: The Challenging Party shall initiate the dispute resolution process under Local Rule 37.2.

The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

8.3.   <u>Judicial Intervention</u>.   If the Parties cannot resolve a challenge without court intervention, the Designating Party may file and serve a motion to retain confidentiality. The burden of persuasion in any such motion shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

9.   <u>EXPERT MATERIALS</u>

For Retained Consultants and Experts retained in anticipation of or in connection with this Action, documents constituting drafts of expert reports and declarations, and documents constituting notes created by or for an expert in connection with preparation of his or her expert report or declaration, shall not be discoverable and need not be preserved unless a testifying expert relies upon such drafts and/or notes. Work product materials, including communications, generated in connection with non-testifying experts and consultants who are retained solely in anticipation of or in connection with the above-captioned Action, shall not be discoverable absent an order by the Court. Conversations or communications between House Counsel and/or Outside Counsel of Record and any testifying expert or consultant shall not be discoverable absent an order by the Court, except to the extent such conversations or communications are relied upon by the testifying expert.

10.   <u>PROTECTED MATERIAL IN DEPOSITIONS</u>

Nothing contained herein shall be construed to prejudice any Party's right to use any Protected Material in taking testimony at any deposition or hearing provided that the Protected Material is only disclosed to a person(s) who is: (1) eligible to have access to the Protected Material by virtue of his or her employment with the Producing Party, (2) identified in the

Protected Material as an author, addressee, or copy recipient of such information, (3) although not identified as an author, addressee, or copy recipient of such Protected Material, has, in the ordinary course of business, seen such Protected Material, (4) a current or former officer, director or employee of the Producing Party or a current or former officer, director or employee of a company affiliated with the Producing Party; or (5) otherwise eligible to have access to Protected Material by the terms of this Stipulated Protective Order. Protected Material shall not be disclosed to any other persons unless prior authorization is obtained from Outside Counsel representing the Producing Party or from the Court.

11. <u>PROTECTED  MATERIAL  SUBPOENAED  OR  ORDERED  PRODUCED  IN  OTHER LITIGATION</u>

11.1.     If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material designated in this action as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party. Such notification must include a copy of the subpoena or court order;

(b) promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification must include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order or seeks to quash the subpoena, the Party served with the subpoena or court order must not produce any Disclosure or Discovery Material designated in this Action as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission to produce the subpoenaed Protected Material. The Designating Party bears the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court. Any agreement by a Designating Party that Protected Material may be produced in response to a subpoena does not in any way waive the protections this Stipulated Protected Order provides against disclosure in any other litigation.

11.2.     The provisions set forth herein are not intended to, and do not, restrict in any way the procedures set forth in Federal Rule of Civil Procedure 45(d)(3) or (f).

12. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS ACTION</u>

(a) Any discovery requests, including subpoena and deposition notices, propounded to Non-Parties must be accompanied by a copy of this Stipulated Protective Order.

(b) The terms, remedies, and relief provided by this Stipulated Protective Order are applicable to Disclosure or Discovery Material produced by a Non-Party in this action and designated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

The terms of this Order are applicable to information produced by a Non- Party   in   this

Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(c) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party, including an identification of withheld material sufficient to reasonably permit the Requesting Party to understand the nature of the information being withheld;

promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non- Party;

2.    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and make the information requested available for inspection by the Non-Party, if requested.

3.    pursuant to any procedures in an agreement between the Producing Party and the Non-Party, promptly follow those procedures in order to get authorization to produce the

information requested.

      (d) If the Non-Party fails to object or seek a protective order from this Court within any mandated notice period (*e.g.*, notice period listed in any contract) or fourteen (14) calendar days, whichever is longer, of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. For avoidance of doubt, if the agreement between the Producing Party and the Non-Party does not permit the production of the requested information without authorization from the Non-Party even if the Non-Party fails to seek a protective order from this Court, then the Producing Party shall not be required to produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.

      If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

13. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material or confirm destruction of all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

14. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

(a) When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that

provides for production without prior privilege review.

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

(b) Pursuant to Federal Rule of Evidence 502, the inadvertent production by any of the undersigned Parties or non-Parties to the Action of any Disclosure or Discovery Material during discovery in this Action that is protected by the attorney-client privilege, work product protection, or any other privilege or protection, shall be without prejudice to any claim that such item is privilege or protected and such Party or non-Party shall not be held to have waived any rights by such inadvertent production.  In the event that any Disclosure or Discovery Material that is subject to a privilege or protection is inadvertently produced, the producing Party or non-Party shall give written notice of such inadvertent production within 20 days of discovery of the inadvertent production (the "Privilege or Protection Notice").  If a Receiving Party disputes the asserted privilege or protection, within 20 days of receipt of the Privilege or Protection Notice, the Receiving Party shall initiate the dispute resolution process under Local Rule 37.2.

15. MISCELLANEOUS

    15.1.   Right to Further Relief. Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

    15.2.   Right to Assert Other Objections. By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or

producing any Disclosure or Discovery Material on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

16.    Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.


IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  November 20, 2023


_____
Michael E. Grenert
LAW OFFICE OF MICHAEL
GRENERT, PLLC
372 15th Street, #2A
Brooklyn, NY 11215-5695
917-553-2050
mgrenert@grenertlaw.com

*Attorneys for Defendant*
*Claudia Ortiz*


_____
Nicole Haff
MICHELMAN & ROBINSON, LLP
605 Third Avenue, 30th Floor
New York, NY 10158
(212) 730-7700
nhaff@mrllp.com

*Attorneys for Plaintiff JAPNA, Inc.*


_____
Ronald D. Coleman
DHILLON LAW GROUP INC.
A California Professional Corporation
50 Park Place, Suite 1105
Newark, NJ 07102
973-298-1723
rcoleman@dhillonlaw.com

*Attorneys for Defendants*
*Tulip Apparels LLC, Tulip Creations*
*Private Limited, Luna Skies, LLC, Smarth*
*Gupta and Surender Kumar Gupta*


_____
Thomas Warden
CONLEY ROSE, P.C.
777 North Eldridge Parkway, Suite 600
Houston,TX 77079
(713) 237-8331
twarden@conleyrose.com

*Attorneys for Defendant Selfx Innovations*
*Inc.*


FOR GOOD CAUSE SHOWN, IT IS SO ORDERED:

Dated:  November 20, 2023

_____
Honorable Robert W. Lehrburger
United States Magistrate Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare

under penalty of perjury that I have read in its entirety and understand the Stipulated Protective

Order that was issued by the United States District Court for the Southern District of New York

on [date] in the case of *JAPNA, Inc. v. Claudia Ortiz, et al.,* Civil Action No. 1:22-cv- 10753-

ALC.. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order

and I understand and acknowledge that failure to so comply could expose me to sanctions

and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Southern District of New York for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action. I   hereby

appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as my New

York agent for service of process in connection with this action or any proceedings related to

enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed  name: _____

Signature: _____

<u>EXHIBIT B</u>

<u>NON-DISCLOSURE AGREEMENT</u>

I, _____ [print or type full name], of

_____ [print or type full address], hereby acknowledge:

1.      I affirm that I am not a past or present officer, director, or employee (including in-

house counsel) of any party to this case.

2.      I understand that the focus group study in which I have been requested to participate

will result in the receipt by me of information considered by third parties to be confidential

and proprietary.

3.      In consideration of my selection to participate in the focus group and my receipt

of compensation for my participation in that study, I agree to keep all information disclosed to

me during the course of such study as confidential, and I will not disclose such information to

any other person.

Date: _____

City and State where sworn and signed: _____

Printed name:_____

Signature: _____